**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 1707010054 |
| | ) | |
| ANTONIO RUSSELL, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  March 9, 2020
Date Decided:   June 25, 2020

## ORDER

Upon consideration of Defendant's *Pro Se* Motion for Postconviction Relief[1] and Motion for Appointment of Counsel,[2] Superior Court Criminal Rule 61, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.    On August 21, 2018, Defendant pled guilty to Manslaughter, Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Possession of a Firearm By a Person Prohibited ("PFBPP").[3]  By Order dated January 25, 2019, effective July 25, 2017, Defendant was sentenced to 15 years at Level V followed by decreasing levels of supervision and probation.[4]

---

[1] D.I. 57.
[2] D.I. 56.
[3] D.I. 35.
[4] D.I. 51.  Defendant was sentenced as follows:  for Manslaughter, IN17-07-0918-W, 25 years at Level V, suspended after 12 years, for 13 years at Level IV, suspended after 6 months, for 18 months at Level III; for PFDCF, IN17-07-0920-W, 3 years at Level V; and for PFBPP, IN17-07-0919-W, 8 years at Level V, suspended for 1 year at Level III.  The first 5 years at Level V are mandatory for charges Manslaughter and PFBPP pursuant to 11 *Del. C.* §§ 632, 1447A.  Probation is concurrent.

2. On December 6, 2019, Defendant filed this timely Motion for Postconviction Relief and Motion for Appointment of Counsel pursuant to Superior Court Criminal Rule 61.[5]

3. Defendant challenges the Sentencing Order imposed, claiming the Court violated his constitutional rights because the Court improperly considered his prior juvenile adjudication and incorrectly applied the SENTAC guidelines.[6] In addition, Defendant claims he was denied the right to effective assistance of counsel in that his plea was not knowing, intelligent, and voluntary.[7]

4. Before addressing the merits of any claim for postconviction relief, the Court must first determine whether any of the procedural bars under Rule 61 are applicable.[8] Under Rule 61(i), a Rule 61 Motion can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.

5. Rule 61(i)(4) bars consideration of any ground for relief formerly adjudicated in the case. Defendant filed a motion for correction of illegal sentence pursuant to Rule 35(a), which the Court denied on April 20, 2020.[9] In the instant Motion, Defendant echoes the argument raised in his motion for correction of illegal

---

[5] D.I. 57.

[6] D.I. 57. Defendant claims the Court violated his right to Due Process and that his sentence is cruel and unusual punishment.

[7] *Id.*

[8] *Dollard v. State*, 2020 WL 2393353, at *1 (Del. May 11, 2020) (TABLE) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).

[9] D.I. 69.

sentence. In that motion, and again here, Defendant argues the Court violated his constitutional rights by considering his prior juvenile adjudication as an aggravating factor and deviating from the SENTAC guidelines.[10] The Court has already considered and rejected this argument.[11] Consequently, it is barred under Rule 61(i)(4).

6. The Court next considers Defendant's ineffective assistance of counsel claim. The standard used to evaluate claims of ineffective assistance of counsel is the two-prong test set forth in *Strickland v. Washington*[12] by the United States Supreme Court, which has been adopted in Delaware.[13] To support a claim of ineffective assistance of counsel after entry of a guilty plea, a defendant must show that:

> (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there was a reasonable probability that, but for his counsel's errors, he would not have pled guilty but would have insisted on going to trial.[14]

Failure to prove either prong will render the claim insufficient.[15] "Conclusory and unsupported claims of prejudice are insufficient to establish ineffective assistance; a defendant must make and substantiate concrete claims of actual prejudice."[16]

---

[10] D.I. 60.
[11] D.I. 69.
[12] 466 U.S. 668 (2014).
[13] *Albury v. State*, 551 A.2d 53 (Del. 1988).
[14] *Dollard*, 2020 WL 2393353, at *2 (internal citations omitted).
[15] *Strickland*, 466 U.S. at 687.
[16] *Sartin v. State*, 103 A.3d 515 (Del. 2014).

"Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable."[17]

7.  Defendant contends that he received ineffective assistance of counsel in connection with his guilty plea.[18] Specifically, Defendant argues that counsel did not inform him of the SENTAC guidelines and the possibility of a sentence enhancement "until the last minute after entering [sic] guilty plea."[19] Defendant claims that if he had been informed of the possibility of a sentence enhancement, he would not have accepted the plea.[20] Defendant's former counsel filed an affidavit in response to Defendant's claim, which the Court has reviewed.[21]

8.  The Court imposed Defendant's sentence pursuant to a plea agreement between the State and Defendant. Pursuant to Superior Court Criminal Rule 11(c), the Court addressed Defendant personally in open court prior to Defendant's sentencing. It is well-settled that in absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and his representations on the Truth-in-Sentencing Guilty Plea Form.[22] When a

---

[17] *Dollard*, 2020 WL 2393353, at *2 (citing *Albury v. State*, 551 A.2d 53, 59 (Del. 1988)).
[18] D.I. 57.
[19] *Id.*
[20] *Id.*
[21] D.I. 66 (Affidavit of Response of Christina L. Ruggiero).
[22] *Colburn v. State*, 128 A.3d 1172, 2016 WL 5845778, at *2 (Del. 2016) (TABLE).

defendant enters a guilty plea knowing and voluntarily, he waives any objection to alleged errors and defects that occur before entry of the plea.[23]

9. During Defendant's plea colloquy, the Court determined that Defendant understood the nature of the charges to which the plea was offered, including the mandatory minimum and maximum penalties provided by law. Defendant signed a Truth-in-Sentencing Guilty Plea Form which confirmed that Defendant's plea was voluntary, and not the result of force, threats, or promises apart from the plea agreement, and Defendant was not promised what his sentence would be.[24] Defendant was informed that the TIS guidelines are voluntary and non-binding and, because Defendant agreed to open sentencing, he was exposed to a maximum of 58 years at Level V.[25] In addition, Defendant acknowledged and confirmed that he discussed his case fully with defense counsel and was satisfied with defense counsel's representation.[26] After a thorough colloquy, the Court accepted Defendant's guilty plea as knowing, intelligent, and voluntary.

10. Defendant's assertions regarding his plea are conclusory and refuted by the record. Defendant represented to the Court that he understood he was facing the maximum total exposure of 58 years at Level V.[27] Moreover, Defendant's former

---

[23] *Muldrow v. State*, 146 A.3d 358, 2016 WL 4446610, at *2 (Del. 2016) (TABLE).
[24] D.I. 35 (TIS Sentencing Guilty Plea Form).
[25] *See id.*
[26] *See id.*
[27] *Id.*

5

counsel informed Defendant prior to sentencing again that the TIS guidelines were non-binding and Defendant was facing a total exposure of up to 58 years.[28] There is no evidence in the record former counsel's actions "fell below an objective standard of reasonableness."[29] Defendant has failed to satisfy the first prong of *Strickland*, and therefore, his ineffective assistance of counsel claim fails.

11. Pursuant to Superior Court Criminal Rule 61(e)(2), the Court has discretion to appoint counsel for a first timely postconviction motion in a guilty plea case.[30] The success of Defendant's Motion for Appointment of Counsel rests on his ability to set forth a substantial claim that he received ineffective assistance of counsel relating to his guilty plea. For the reasons stated above, the Court finds that Defendant fails to meet that burden, and there are no exceptional circumstances that warrant appointment of counsel.[31]

---

[28] Affidavit of Response of Christina L. Ruggiero.

[29] *See* D.I. 40, 66. In response to the State's sentence recommendation, defense counsel urged the Court to consider numerous mitigating factors, including victim involvement, age at the time of the offense, no prior convictions, lack of parental support, stress of living in extreme poverty, and drug abuse, when ordering Defendant's sentence.

[30] Super. Ct. Crim. R. 61(e)(2) states:

> (2) The judge may appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.

[31] *See id.*

**NOW THEREFORE**, Defendant's *Pro Se* Motion for Postconviction Relief

and Motion for Appointment of Counsel are **DENIED**.

*Jan R. Jurden*

_____

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Antonio Russell (SBI# 00836045)
       Matthew B. Frawley, DAG
       Eugene J. Maurer, Esq.
       Christina L Ruggiero, Esq.